**JUDGE BAER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**10 CIV 7784**

------------------------------------------------------------------- x

JAMES ODOM,

                                          Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER ALLEN
MICKENS, shield no. 08463, POLICE OFFICER
WAYNE ROBERSON, shield no. 05092, POLICE
OFFICER GUERRERO, and POLICE OFFICERS JOHN
DOE AND RICHARD ROE (names and number of whom
are unknown at present, and other unidentified members of
the New York City Police Department),

                                      Defendants.

------------------------------------------------------------------- x

**10 CIV.**

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
OCT 12 2010
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

      1.     This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while attempting to lawfully travel on the New York City subway system was unlawfully struck, kicked, pepper sprayed, and beaten by police officers employed by the New York City Police Department. Plaintiff was deprived of his constitutional and common law rights when the individual defendants utilized excessive force, committed an unwarranted and malicious assault and battery on plaintiff, unlawfully confined plaintiff, and caused the unjustifiable arrest and prosecution of plaintiff.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.      The plaintiff James Odom further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5.      Plaintiff James Odom is a citizen of the United States and a resident of the County of Suffolk, State of New York.

6.      New York City Police Officer Allen Mickens, shield number 08463, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

7.      On the date of incident, December 12, 2009, Police Officer Allen Mickens was assigned to the Transit Division District 03.

8.      Police Officer Allen Mickens is being sued herein in his individual and official capacity.

- 2 -

9.     New York City Police Officer Wayne Roberson, shield number 05092, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

10.    On the date of incident, December 12, 2009, Police Officer Wayne Roberson was assigned to the Transit Division District 03

11.    Police Officer Wayne Roberson is being sued in his individual and official capacity.

12.    New York City Police Officer Guerrero is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

13.    Police Officer Guerrero is being sued in his individual and official capacity.

14.    New York City Police Officers John Doe and Richard Roe are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

15.    On the date of the incident, Officers John Doe and Richard Roe were assigned to the Transit Division District 03.

16.    Officers John Doe and Richard Roe are being sued in their individual capacity and official capacity.

17.    At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the New York City Police Department at all times

relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

18.     Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

19.     On December 12, 2009 plaintiff James Odom, a 70 year old legally blind male, entered the 125th Street 2/3 subway station in New York, New York.

20.     Upon entering the subway station, plaintiff obtained a metrocard from the teller in the information/token booth.

21.     Defendant Police Officers Allen Mickens and Wayne Roberson observed plaintiff James Odom obtain the metrocard from the information/token booth clerk.

22.     Plaintiff James Odom swiped his metrocard through the turnstile approximately three (3) or four (4) times, but the turnstile was having difficulty reading his card.

23.     Thereafter, plaintiff James Odom sought the assistance from the same MTA employee located in the information/ token booth from whom he had just obtained the metrocard.

24.     Plaintiff James Odom, explained the situation to the information/token booth attendant.

- 4 -

25.     Plaintiff then gained entry into the subway system.

26.     Defendant Police Officers Allen Mickens and Wayne Roberson observed plaintiff James Odom lawfully gain entry into the subway system.

27.     Plaintiff James Odom proceeded to the subway platform and sat on a bench while awaiting his train.

28.     Shortly after sitting on the bench, plaintiff James Odom was approached by defendant Police Officers Allen Mickens and Wayne Roberson.

29.     Without identifying themselves as police officers, Defendant Police Officers Allen Mickens and Wayne Roberson ordered plaintiff to stand up.

30.     Plaintiff complied with the order.

31.     Defendant Police Officers Allen Mickens and Wayne Roberson proceeded to kick, punch, and pepper spray/mace plaintiff.  Furthermore, plaintiff was thrown to the ground and struck with the police officers' batons/ asps/ nightsticks.

32.     Plaintiff lost consciousness as a result of defendant Police Officers' Allen Mickens and Wayne Roberson's actions.

33.     Defendants brutally handcuffed plaintiff causing pain and numbness to his wrists.

34.     Plaintiff asked the officers to loosen his handcuffs, but they refused.

35.     Defendant Police Officers Allen Mickens and Wayne Roberson placed plaintiff under arrest without probable cause at approximately 6:25 p.m. on December 12, 2009.

36.     The defendant officers charged plaintiff with Resisting Arrest, Theft of Services, and Criminal Trespass in the Third Degree without probable cause to charge him for any of those crimes.

37.   Defendant Police Officer Allen Mickens observed defendant Police Officer Wayne Roberson violate plaintiff's rights under the Constitution of the United States and did nothing to prevent the unjustifiable attack on plaintiff or the unjustifiable arrest of plaintiff.

38.   Defendant Police Officer Wayne Roberson observed defendant Police Officer Allen Mickens violate plaintiff's rights under the Constitution of the United States and did nothing to prevent the unjustifiable attack on plaintiff or the unjustifiable arrest of plaintiff.

39.   Throughout the entire ordeal, plaintiff complied with the orders of the defendants.

40.   Plaintiff did not resist arrest.

41.   The force used by the defendants caused plaintiff to suffer a laceration to his head.

42.   Plaintiff immediately requested medical attention from defendants Police Officers Wayne Roberson, Allen Mickens and Guerrero after he was assaulted and battered by defendants.

43.   Despite plaintiff's requests for medical attention, defendants Police Officers Roberson, Mickens and Guerrero waited for approximately one (1) hour before medical attention was requested.

44.   Plaintiff was forced to sit in the 125th Street Subway Station for one (1) hour before he was taken by EMS and defendant Police Officer Guerrero for medical treatment at Harlem Hospital.

45.   Plaintiff was not seen by a medical attendant at Harlem Hospital until approximately 8:40 p.m. on December 12, 2009.

46.     The delay in medical attention/treatment caused by defendants caused permanent scarring and disfigurement to plaintiff's head.

47.     Defendant Police Officers Roberson and Mickens' actions caused plaintiff to sustain a laceration on the top of his head.

48.     Plaintiff was treated at Harlem Hospital with stitches and staple(s) to the top of his head as a result of the laceration caused by defendant Police Officers Roberson and Mickens.

49.     Defendant Police Officers Roberson and Mickens' actions caused plaintiff to sustain a puncture wound above his left eyebrow.

50.     Plaintiff was treated with dermabond as a result of the puncture wound above his left eyebrow caused by defendants.

51.     Additionally, plaintiff received a CT scan as a result of the trauma to his head caused by the defendants.

52.     The treating doctor at Harlem Hospital assessed plaintiff's injuries as having been caused by being struck "by a blunt or thrown object."

53.     Plaintiff remained at Harlem Hospital until arraignment.

54.     Plaintiff appeared at arraignment with his head bandaged.

55.     Defendant Police Officer Allen Mickens initiated the prosecution against plaintiff James Odom by signing the criminal court complaint charging plaintiff with Resisting Arrest, Theft of Services, and Criminal Trespass in the Third Degree.

56.     The Criminal Court Complaint signed by Police Officer Allen Mickens contained false statements against plaintiff James Odom.

57.   Plaintiff was required to make approximately five (5) court appearances throughout the prosecution against him.

58.   On June 23, 2010 all charges against plaintiff were dismissed.

59.   As a result of defendants' actions plaintiff sustained lacerations to his head, scarring on his head, abrasions, and numbness in both hands.

60.   Additionally, defendants' actions caused plaintiff to have ongoing head injuries, including but not limited to headaches, dizziness, permanent scarring and disfigurement, and loss of memory.

61.   The assault, battery, and excessive force used against plaintiff by defendants was far in excess of their rightful authority as New York City police officers. This assault, battery, and excessive force was made without proper cause.

62.   The assault, battery, excessive force, malicious prosecution, false arrest, and false imprisonment of plaintiff by defendants Police Officers Allen Mickens and Wayne Roberson and John Doe and Richard Roe caused plaintiff to sustain physical pain and suffering, as well as psychological and emotional trauma.

63.   A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth Amendment and

## Fourteenth Amendment Rights

64.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 61 with the same force and effect as if more fully set forth at length herein.

65.     Defendants Police Officers Allen Mickens, Wayne Roberson, Guerrero and John Doe and Richard Roe, who were acting in concert and within the scope of their authority, denied plaintiff medical timely treatment, and arrested and caused plaintiff to be imprisoned and criminally prosecuted without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

## Violation of Plaintiff's Fourth Amendment Rights

66.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 63 with the same force and effect as if more fully set forth at length herein.

67.     The use of excessive force by defendant Police Officers Allen Mickens, Wayne Roberson, and John Doe and Richard Roe, acting in concert, in punching, pushing and striking plaintiff was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

## THIRD CAUSE OF ACTION

### Assault

68.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 65 with the same force and effect as if more fully set forth at length herein.

69.     Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such acts caused apprehension of such contact in the plaintiff.

70.     Defendant Police Officers Allen Mickens and Wayne Roberson and John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

71.     The City, as the employer of the police officer defendants, is responsible for their wrongdoing  under the doctrine of respondeat superior.

72.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

### Battery

73.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 70 with the same force and effect as if more fully set forth at length herein.

- 10 -

74.     Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously battered plaintiff, when they, in a hostile and/or offensive manner struck plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

75.     Defendant Police Officers Allen Mickens and Wayne Roberson and John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

76.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

77.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### False Arrest

78.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 75 with the same force and effect as if more fully set forth at length herein.

79.     The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.  Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.  In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

80.     Defendants Police Officers Allen Mickens and Wayne Roberson and John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

81.     The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

82.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## SIXTH CAUSE OF ACTION

### Malicious Prosecution

83.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 80 with the same force and effect as if more fully set forth at length herein.

84.     The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

85.     Defendants commenced and continued a criminal proceeding against plaintiff.

86.     There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

87.     The prosecution and criminal proceedings terminated favorably to plaintiff.

- 12 -

88.     Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate plaintiff's Fourth Amendment rights.

89.     Defendants Police Officers Allen Mickens and Wayne Roberson and John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

90.     The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

91.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## SEVENTH CAUSE OF ACTION

## Negligent Hiring, Retention, Training and Supervision

92.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 89 with the same force and effect as if more fully set forth at length herein.

93.     The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Police Officers Allen Mickens, Wayne Roberson, Guerrero and John Doe and Richard Roe, individuals who were unfit for the performance of police duties on December 12, 2009, at the aforementioned location.

94.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## EIGHTH CAUSE OF ACTION

## Malicious Abuse of Process

95.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 92 with the same force and effect as if more fully set forth at length herein.

96.     Defendants issued criminal process against plaintiff, James Odom, by causing his arrest and prosecution in criminal court.

97.     Defendants caused plaintiff to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

98.     Defendant Police Officers Allen Mickens and Wayne Roberson and John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

99.     The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior

100.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## NINTH CAUSE OF ACTION

### Failure to Intervene

101.   The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 98 with the same force and effect as if more fully set forth at length herein.

102.   Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in the presence of other officers.

103.   Defendants failed to intervene to prevent the unlawful conduct described herein.

104.   As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to excessive force and other physical constraints.

105.   Defendant Police Officers Allen Mickens, Wayne Roberson, and Guerrero and John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

106.   The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior

107.   Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## TENTH CAUSE OF ACTION

## Negligence

108.   The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 105 with the same force and effect as if more fully set forth at length herein.

109.   Defendants owed a duty of care to plaintiff.

110.   Defendants breached that duty of care by assaulting, attacking, and beating plaintiff with extreme force and failing to provide prompt and appropriate medical care.

111.   As a direct and proximate cause of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

112.   All of the foregoing occurred without any fault or provocation by plaintiff.

113.   The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

114.   Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## ELEVENTH CAUSE OF ACTION

## Negligent Infliction of Emotional Distress

115.   The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 112 with the same force and effect as if more fully set forth at length herein.

116.   By the actions described herein, defendants Police Officers Allen Mickens, Wayne Roberson, and Guerrero and John Doe and Richard Roe, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct

utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff, James Odom.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

117.   As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries.

118.   The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

119.   Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## TWELFTH CAUSE OF ACTION

## Deliberate Indifference to Medical Needs

120.   The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 117 with the same force and effect as if more fully set forth at length herein.

121.   Defendants, despite being aware that they had seriously injured plaintiff, refused to administer and properly procure, immediate and adequate medical attention.

122.   Defendants Police Officers Allen Mickens, Wayne Roberson, and Guerrero and John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

123.   The City, as the employer of the police officer defendants, is responsible for their wrongdoing  under the doctrine of respondeat superior

- 17 -

124.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## JURY DEMAND

125.    Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff James Odom shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

a.    That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

b.    That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated:    New York, New York
October 11, 2010

By:    _____
MATTHEW B. WALLER
EBANKS & SATTLER, LLP
Attorney for Plaintiff
20 Vesey Street, Ste 503
New York, NY 10007
(212) 766-4411