


```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/10
```

NOV 09 2010

HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Barry Myrvold**
phone: (212) 788-9391
fax: (212) 788-9776
email: bmyrvold@law.nyc.gov

November 8, 2010

**By Fax (212) 805-7901**
Honorable Harold Baer, Jr.
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    <u>James Odom v. The City of New York, et al.</u>
             1:10-cv-07784-HB

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing the defendant The City of New York in this action. I am writing with plaintiff's counsel's consent to respectfully request a sixty-day enlargement of the City's time to answer or otherwise respond to the complaint from November 18, 2010 to January 18, 2011, and to respectfully request that the initial conference, currently scheduled for December 18, 2010 at 4:30 P.M., be adjourned to a date convenient to the Court after January 18, 2011.

    Briefly stated, the complaint in this 42 U.S.C. § 1983 civil rights action, alleges that on December 12, 209, plaintiff James Odom was falsely arrested inside of the 125th Street subway station for the 1-2-3 lines, was subjected to unreasonable force, and then was not given timely medical care. Plaintiff alleges federal and state law claims for false arrest, malicious prosecution (and abuse of process), excessive force (and assault and battery), deliberate indifference to medical needs, failure to intervene, and several other state law claims.

    In order to investigate the allegations in the complaint and meaningfully respond thereto, the City must review the relevant documents and speak with its employees some of whom are not yet identified. The documents relevant to the defense of civil rights actions that the City must obtain are often, as may be in this case, protected from disclosure by state statutes. Currently, this office has received from plaintiff's counsel consents and authorizations for the release of records that may have been sealed pursuant to N. Y. Criminal Procedure Law §

Honorable Judge Baer
Odom v. NYC
11/8/2010
Page 2

160.50. The executed releases are necessary for this office to obtain the District Attorney, Criminal Court and police records pertaining to the plaintiffs' alleged false arrest and malicious prosecution claims. This office is also in the process of forwarding to plaintiffs' counsel for execution medical releases, which are necessary for our office to obtain the medical records limited at this time to treatment records, if any, for injuries alleged to have been sustained as a result of the alleged incident.

According to the docket sheet, the individually named defendants, Allen Mickens, Wayne Roberson, and P.O. Guerrero were purportedly served with the summons and complaint in this action. Without appearing on their behalf, it is respectfully requested that, if they were properly served, the Court *sua sponte* afford them the same extension in order to ensure that their defenses are not jeopardized while representation issues are being decided. This extension may allow time for this office to determine, pursuant to N.Y. General Municipal Law § 50-k and based on a review of the facts of the case, whether we may represent them. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that the City's time to respond to the complaint be enlarged to January 18, 2011, and that the initial conference be adjourned to any date the Court finds convenient thereafter. The City has not previously made an application for the relief sought herein.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Barry Myrvold

cc: David Hazan/Stuart Jacobs        By Fax (212) 283-5002
    Jacobs & Hazan, LLP

    Matthew Waller                    By Fax (212) 766-5899
    Ebanks & Sattler, LLP

    *Attorney for Plaintiff*

SO ORDERED:

Harold Baer, Jr., U.S.D.J.
11/12/10

Endorsement:

   Try and get your dates straight. I can't tell if you don't like the 18th or the 16<sup>th,</sup> the correct date.

2.   In any event you have to January 5, 2011 to answer or move.

3.   The pre trial conference will be on January 6, 2011.

4.   Any releases not received already to be furnished to you by November 23, 2010.

5.   Same extensions as per your request are granted.